HaeRis, Jh,
delivered the opinion of the Court.
Upon the trial of this cause, his Honor, the Circuit Court Judge, charged the jury that where a tract of-land is sold by order of the Chancery Court in Tennessee, and report thereof is made to said Court, and the same is confirmed by the decree of the Court, “said decree, of itself, vests such title in the purchaser as enables him to maintain this action — vests the title of the land; ,and such is the effect of the decree confirming the- *340 report of sale, although said decree does not on its face and by its terms, purport to divest and vest- the legal title to the land.” To this charge exception is taken by the plaintiff in error, and we think, well taken. The effect of confirming the report of the sale of real estate in Chancery, is nothing more than the completion of the contract, and does not pass the legal title. Where the sale is made upon a credit, it is usual, (as in the present case,) to reserve the legal title until the entire consideration money is paid. And in the absence of such express reservation, the confirmation of the. sale would not have the effect to pass the legal title. This must be done by decree, or by deed in pursuance of a decree for that purpose.
The judgment of the Circuit Court will be reversed, and the cause remanded for a new trial.